UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JEROME HILL,

      Defendant.

Case No. 18-cr-20466-1
Honorable Laurie J. Michelson

## ORDER ON LETTER REQUEST FOR HOME CONFINEMENT [33]

After Jerome Hill pled guilty to possession of a machine gun, 18 U.S.C. § 922(o), this Court sentenced him to 60 months' incarceration. (ECF No. 26.) Hill is presently serving his sentence at Federal Correctional Institution Morgantown (ECF No. 33.)

After the outbreak of the deadly coronavirus pandemic, Hill requested compassionate release under 18 U.S.C. § 3582 due to his asthma and high blood pressure. (ECF No. 27.) The Court denied the motion. (ECF No. 32.) At that time, Hill's medical conditions were well managed and under control. Morgantown was not reporting any positive cases of COVID-19. And Hill had not served a significant portion of his sentence. (*Id.*)

Hill recently sent a letter advising that he tested positive for COVID-19 in January. (ECF No. 33.) Hill reports that his "breathing is kind of difficult." (*Id.*) But that is the only information regarding his health that he provided. He reiterates, understandably, his concerns for his health and safety and asks the Court "to send [him] home on home confinement." (*Id.*)

As a threshold matter, this Court does not have the authority to order Hill released to home confinement. "The CARES Act places [that] decision-making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons." *United States v.*

*Coker*, No. 14-CR-085, 2020 U.S. Dist. LEXIS 66286, at *5 (E.D. Ky. Apr. 15, 2020); *see also*

*United States v. James*, No. 15-255, 2020 U.S. Dist. LEXIS 69973, at *5 (D. Minn. Apr. 21, 2020)

("Although the First Step Act expanded release opportunities, courts have observed that 'it is

BOP—not the courts—who decides whether home detention is appropriate. . . .'" (citations

omitted)).

In very limited circumstances, however, the Court does have authority to reduce a sentence.

The compassionate release statute allows the Court to reduce a defendant's sentence if it finds that

"extraordinary and compelling reasons" warrant a reduction, that a reduction is consistent with

"applicable policy statements issued by the Sentencing Commission," and that the § 3553(a)

factors, to the extent they apply, support a reduction. 18 U.S.C. § 3582(c)(1)(A); *see United States*

*v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020). The Sixth Circuit has made clear "that § 1B1.13 is

not an applicable policy statement for compassionate-release motions brought directly by inmates,

and so district courts need not consider it when ruling on those motions." *United States v. Elias*,

984 F.3d 516, 519 (6th Cir. 2021). "And, in the absence of an applicable policy statement for

inmate-filed compassionate-release motions, district courts have discretion to define

'extraordinary and compelling' on their own initiative." *Id*. at 519–20.

The Court is very sorry that Hill was infected with the coronavirus. But it does not appear

that Hill became seriously ill or lacked adequate treatment. And it is still relatively unknown how

long he might have protective antibodies or whether he is at any significant risk for reinfection.

Also, the BOP is presently reporting only two positive inmate and five staff cases at FCI

Morgantown. *COVID-19 Update*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/

(last visited Feb. 11, 2021). And 87 staff members and 12 inmates have now been fully vaccinated.

*Id*. So other than the fact of the new diagnosis—which is not to be minimized—the Court is

basically left with the same information it had when Hill previously sought compassionate release: his asthma and high blood pressure. Thus, to the extent Hill's letter is another request for compassionate release, it does not establish "extraordinary and compelling" reasons and is denied for the reasons set forth in the Court's prior opinion. (ECF No. 32.)

IT IS SO ORDERED.

February 12, 2021

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE